KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: 415.436.6857
Facsimile: 415.436.6748
Email: patricia.kenney@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2002 CHEVROLET TRAILBLAZER AND S10,380 IN UNITED STATES CURRENCY,<br><br>Defendants. | No. C 04-2977 JSW<br><br>STIPULATION AND ORDER AUTHORIZING AN INTERLOCUTORY SALE OF DEFENDANT 2002 CHEVROLET TRAILBLAZER AND EXPEDITED SETTLEMENT OF GMAC'S CLAIM |

The parties agree, subject to the Court's approval, that

1. The United States and claimants Kenneth Joseph Shepp and General Motors Acceptance Corporation ("GMAC"), through their undersigned counsel, agree, subject to the Court's approval, to an interlocutory sale of defendant 2002 Chevrolet Trailblazer, vehicle identification number IGNDT13S222222842 ("Defendant Trailblazer"), by the United States Marshals Service at the earliest possible date so as to satisfy the lien of GMAC and to allow the substitution of the net proceeds from the sale as the *res* in this forfeiture action. The United States reserves the right to void this expedited settlement agreement if, before payment of the lien, the United States obtains new information indicating that the lienholder was not an "innocent owner" or a "bona fide purchaser" which had no prior knowledge of the unlawful activity alleged in the Complaint for Forfeiture filed in this action.

2. The owner of record of Defendant Trailblazer is claimant Kenneth Joseph Shepp and GMAC has a lien recorded against Defendant Trailblazer in the amount of three thousand three hundred thirty six dollars ($3,336.00). A copy of the Certificat of Title showing the legal and registered ownership of the vehicle is attached as Exhibit A. A copy of the motor vehicle sales contract is attached as Exhibit B.

3. The United States and claimants Kenneth Joseph Shepp and General Motors Acceptance Corporation agree to the interlocutory sale on the following terms:

a. Claimants Shepp and GMAC will cooperate in any way deemed necessary by the United States Marshals Service in order for the United States Marshals Service to sell Defendant Trailblazer using its normal, bimonthly procedures for auctioning off vehicles.

b. As part of that cooperation, claimants Shepp and GMAC will provide any and all documents and information necessary to enable the United States Marshals Service to be able to convey a clear title to Defendant Trailblazer to a *bona fide* purchaser for value at auction, and will do so within 10 days of the entry of this stipulation as an order.

c. GMAC's lien will attache to the sale proceeds until such time as the lien is satisfied by payment of $3,336.00 to GMAC out of the proceeds.

d. After obtaining the necessary documentation, the United States Marshals Service will sell Defendant Trailblazer using its normal procedure for auctioning off vehicles after advertising their sale, and will use its best efforts to auction defendant at the earliest possible date.

e. The "gross proceeds" of the sale of Defendant Trailblazer is the actual sale price of Defendant Trailblazer at the auction. The "net proceeds" of the sale of Defendant Trailblazer which are to be substituted as the *res* in this case will be determined, following the sale of Defendant Trailblazer, by deducting the amounts described below:

i. The United States Marshals Service will deduct the commission which is required to sell Defendant Trailblazer which is 7.9% of the gross proceeds of the sale; and

ii. The United States Marshals Service will pay three thousand three hundred thirty six dollars ($3,336.00) from the gross proceeds of the sale to GMAC by a check made payable to General Motors Acceptance Corporation which it sends to counsel for GMAC, David E. Pinch, Severson & Werson, One Embarcadero Center, Suite 2500, San Francisco, CA 94111.

4. The United States and claimants Shepp and GMAC agree that compliance with the foregoing procedure will result in the full settlement and complete satisfaction of the claim of claimant GMAC and claimant GMAC will file a full release of its claim with the Court within 10 days of the receipt of the check described in paragraph 3.d.ii above.

5. The United States and claimants Shepp and GMAC agree that the net proceeds of the sale of Defendant Trailblazer shall be substituted as defendant *res* in this action and that the United States Marshals Service shall retain custody of that substitute *res* pending resolution of

this civil forfeiture action and further order of the Court by depositing the net proceeds in the appropriate asset forfeiture fund. The United States and claimant Shepp further agree that his claim will be against the substitute *res* in the amount of the net proceeds of the sale of Defendant Trailblazer as described above. The United States reserves the right to challenge the merits of claimant Shepp's claim.

6. The United States and claimants agree that each party shall bear its and his own attorneys' fees and any costs incurred in connection with this expedited settlement agreement and interlocutory sale.

IT IS SO STIPULATED:

KEVIN V. RYAN
United States Attorney

Dated: April 25, 2005

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States of America

LAW OFFICES OF DAVID MICHAEL

Dated: April 25, 2005

DAVID MICHAEL, ESQ.
Attorney for Claimant Kenneth Joseph Shepp

SEVERSON & WERSON

Dated: April ____, 2005

DAVID E. PINCH
Attorneys for General Motors Acceptance Corp.

IT IS SO ORDERED ON THIS ____ DAY OF __________, 2005, PURSUANT TO THE FOREGOING STIPULATION.

HONORABLE JEFFREY S. WHITE
United States District Judge

this civil forfeiture action and further order of the Court by depositing the net proceeds in the appropriate asset forfeiture fund. The United States and claimant Shepp further agree that his claim will be against the substitute *res* in the amount of the net proceeds of the sale of Defendant Trailblazer as described above. The United States reserves the right to challenge the merits of claimant Shepp's claim.

6. The United States and claimants agree that each party shall bear its and his own attorneys' fees and any costs incurred in connection with this expedited settlement agreement and interlocutory sale.

IT IS SO STIPULATED:

KEVIN V. RYAN
United States Attorney

Dated: April 25, 2005

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States of America

LAW OFFICES OF DAVID MICHAEL

Dated: April 26, 2005

DAVID MICHAEL, ESQ.
Attorney for Claimant Kenneth Joseph Shepp

SEVERSON & WERSON

Dated: April 26, 2005

DAVID E. PINCH
Attorneys for General Motors Acceptance Corp.

IT IS SO ORDERED ON THIS 28th DAY OF April, 2005, PURSUANT TO THE FOREGOING STIPULATION.

/s/ Jeffrey S. White
HONORABLE JEFFREY S. WHITE
United States District Judge

# EXHIBIT A

PRINT YOUR ... IN CAPITAL LETTERS USING BLACK OR BLUE INK - INSTRUCTIONS ON REVERSE SIDE

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 0 1 2 3 4 5 6 7 8 9

**NOTICE OF RELEASE OF LIABILITY**

*MAIL THIS FORM TO DMV*

BUYER'S TRUE FULL NAME (LAST) | FIRST | MIDDLE

BUYER'S ADDRESS | ODOMETER READING

CITY | STATE | ZIP CODE | DATE OF SALE

SELLER'S TRUE FULL NAME (LAST) | FIRST | MIDDLE

SELLER'S ADDRESS | SELLING PRICE

CITY | STATE | ZIP CODE | SELLER'S SIGNATURE X

VEHICLE ID NUMBER: 1GNDT13S222222842 | YR MODEL: 2002 | MAKE: CHEV | PLATE NUMBER: 4VMK234

REG ...

DO NOT DETACH UNTIL SOLD

# STATE OF CALIFORNIA

67102011401

# CERTIFICATE OF TITLE

AUTOMOBILE

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1GNDT13S222222842 | 2002 | CHEV | 4VMK234 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| UT | | | G | | $243 | 12/20/2002 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2001 | JF | | HM | | 01/24/02 |

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE: 12/19/2001 | ODOMETER READING: 307 MI

ACTUAL MILEAGE

REGISTERED OWNER(S)

SHEPP KENNETH JOSEPH JR
3489 GOODMAN RANCH RD
GARBERVILLE CA 95542

-----

**I certify under penalty** of perjury under the laws of the State of California, that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. ____________ DATE X ____________ SIGNATURE OF REGISTERED OWNER

1b. ____________ DATE X ____________ SIGNATURE OF REGISTERED OWNER

**Federal and State** law requires that you state the **mileage** upon transfer of **ownership**. Failure to complete or providing a **false statement** may result in fines and/or imprisonment

**The odometer** now reads ______ , ______ (no tenths), miles and to **the** best of my knowledge reflects the actual **mileage unless** one of the following **statements** is checked

**WARNING** ☐ Odometer reading is not the actual mileage ☐ Mileage exceeds the odometer mechanical limits

***I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

| PRINTED NAME OF AGENT SIGNING FOR A COMPANY | PRINTED NAME OF AGENT SIGNING FOR A COMPANY |
|---|---|
| | |

***IMPORTANT READ CAREFULLY***

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days

LIENHOLDER(S)

GMAC
PO BX 8128
COCKEYSVILLE
MD 21030

2 X ____________
Signature releases interest in vehicle (Company names must be countersigned)

Release Date ____________

CA59739830

019801

REG 17.30 (REV 2/98)

KEEP IN A SAFE PLACE — VOID IF ALTERED

# EXHIBIT B

Case 3:04-cv-02977-JSW Document 26 Filed 04/28/2005 Page 9 of 10

RETAIL INSTALLMENT SALE CONTRACT
SIMPLE FINANCE CHARGE

Dealer ________ Contract Number ________ R O S Number ________ 84253

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| KENNETH JOSEPH SHEPP JR<br>3489 GOODMAN RANCH RD.<br>GARBERVILLE CA HUMBOLDT 95542 | CARL CHEVROLET<br>985 WEST CAPITOL EXPWY<br>SAN JOSE CA 95136 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2002 | CHEVROLET TRAILBLAZER | 000307 | 1GNDT13S222222642 | ☐ personal, family or household<br>☐ business<br>☐ agricultural |

Subject To Lender's Credit Approval

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 21120.00 is |
|---|---|---|---|---|
| 0 % | $ 0.00 (e) | $ 15012.00 | $ 15012.00 (e) | $ 36132.00 (e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | None | |
| One Payment of | None | |
| 35 Payments | 417.00 | Monthly, Beginning Jan 19 2002 |
| One Final Payment | 417.00 | Dec 19 2004 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   - A Cash Price of Motor Vehicle and Accessories $ 31740.85 (A)
     - 1 Cash Price Vehicle $ 31740.85
     - 2 Cash Price Accessories $ None
   - B Document Preparation Fee (not a governmental fee) $ 45.00 (B)
   - C Smog Fee Paid to Seller $ None (C)
   - D Sales Tax (on A + B + C) $ 2223.57 (D)
   - E Luxury Tax $ None (E)
   - F Service Contract (optional)* $ 1855.38 (F)
   - G Prior Credit or Lease Balance paid by Seller to ________ $ None (G) (see downpayment and trade-in calculation)
   - H Other (to whom paid)* ________ For ________ $ None (H)
   - Total Cash Price (A through H) $ 35875.00 (1)
2. Amounts Paid to Public Officials
   - A License Fees $ 252.00 (A) Estimated
   - B Registration/Transfer/Titling Fees $ Incl (B)
   - C Smog Impact Fee $ None (C)
   - D Other CA TIRE FEE* $ 5.00 (D)
   - E Other ________ $ None (E)
   - Total Official Fees (A through E) $ 257.00 (2)
3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance column a + b)* $ None (3)
4. Smog Certification Fee Paid to State $ None (4)
5. Subtotal (1 through 4) $ 36132.00 (5)
6. Total Downpayment
   - A Gross Trade-in Yr ____ Make ____ Model ____ Odom ____ VIN ____ $ None (A)
   - B Less Prior Credit or Lease Balance $ None (B)
   - C Net Trade-In (A less B) (indicate if a negative number) $ None (C)
   - D Deferred Downpayment $ None (D)
   - E Manufacturer's Rebate $ None (E)
   - F Other ________ $ None (F)
   - G Cash $ 21120.00 (G)
   - Total Downpayment (C through G) $ 21120.00 (6)
   - (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1G above)
7. Amount Financed (5 less 6) $ 15012.00 (7)

*Seller may keep part of these amounts

## STATEMENT OF INSURANCE

NOTICE: No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker.

Vehicle Insurance — Term — Premium

$ None Ded Comp, Fire & Theft ___ Mos $ None
$ None Ded Collision ___ Mos $ None
Bodily Injury $ None Limits ___ Mos $ None
Property Damage $ None Limits ___ Mos $ None
Medical ___ Mos $ None
___ Mos $ None
Total Vehicle Insurance Premiums $ None(a)

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X ________
Co-Buyer X ________
Seller X ________

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit Life ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp | Premium |
|---|---|---|---|
| Credit Life | ___ Mos | | $ None |
| Credit Disability | ___ Mos | | $ None |
| Total Credit Insurance Premiums | | | $ None(b) |

Insurance Company Name N/A
Home Office Address N/A

[illegible]

Dec 19 2001 — Buyer Signature — 24 — Age

Date — Co-Buyer Signature — Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra cost. [illegible]

Term ___ Mos N/A

Buyer X ________

SERVICE CONTRACT (Optional) You want to purchase a service contract written with the following company for the term shown below for the price shown in item 1F.

Company UNIVERSAL COND

Term ___ Buyer X ________

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

X ________ Buyer Initials X ________ Co-Buyer Initials

### SELLER ASSISTED LOAN

BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From N/A
Amount $ None Finance Charge $ None
Total $ None Payable in None
installments of $ None $ None
[illegible]

### AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

### NOTICE OF RESCISSION RIGHTS

If Buyer and Co-Buyer sign here, the provisions of the Rescission Rights section on the back giving the Seller the right to rescind if Seller is unable to assign this contract to a financial institution will apply.

Buyer X ________ Co-Buyer X ________

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before ________ Seller's Initials ________

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X ________ X ________

**Notice to buyer:**
**(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X ________ Co-Buyer Signature X ________

### THERE IS NO COOLING OFF PERIOD

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.

YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT BEFORE SIGNING BELOW.

YOU ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF THIS CONTRACT AND EVERY OTHER DOCUMENT THAT YOU SIGNED DURING CONTRACT NEGOTIATIONS.

Buyer Signature X ________ Date Dec 19 2001 Co-Buyer Signature X ________ Date Dec 19 2001

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and agrees to the security interest.

Other Owner Signature X ________ Address ________

Seller Signature X CARL CHEVROLET Date Dec 19 2001 By ________ Title MANAGER

LAW FORM NO. 553-CA [illegible]

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance or service or gap contracts we finance for you; and
   - All proceeds from insurance or service or gap contracts we finance for you. This includes any refunds of premiums.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on the front of this contract.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance or service or gap contract charges.** If we obtain a refund on insurance or service or gap contracts, we will subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
   Default means:
   - You do not pay any payment on time;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate the contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

   GMAC

   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

   g. **What we may do about optional insurance or service or gap contracts.** This contract may contain charges for optional insurance or service or gap contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application. You promise you have given a true payoff amount on any vehicle traded in. If that payoff is more than the amount shown in item 6 B. on the front of this contract, you must pay us the excess upon demand.

**You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.**

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

**Rescission Rights**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may rescind (cancel) the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to rescind. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| | | |
|---|---|---|
| Seller assigns its interest in this contract to GMAC | | (Assignee) at (address) under the terms of Seller's agreement(s) with Assignee |
| [illegible] CHEVROLET 905 CAPITOL EXPWY AUTOMALL SAN JOSE, CA 95136 | [signature] | [signature] |
| Seller (408) [illegible]-4000 | By | Title |

Form No. 553-CA [illegible]